# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Rabb,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0166** (Kanawha County 08-MISC-250)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David Rabb, by counsel Rebecca Stollar Johnson, appeals the January 25, 2018, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Julianne Wisman, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in refusing to grant him a new omnibus hearing.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1997, a Kanawha County grand jury returned an indictment charging petitioner with kidnapping a first victim; and the malicious wounding, aggravated robbery, and kidnapping of a

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

1

second victim. Following a jury trial, in January of 1998, petitioner was convicted of one count of kidnapping, one count of malicious wounding, and one count of aggravated robbery in regard to the second victim. He was also convicted of one count of kidnapping in regard to the first victim. In February of 1998, petitioner was sentenced to life in prison without the possibility of parole for the second kidnapping, two to ten years for malicious wounding, and forty-six years for aggravated robbery, to be served consecutively. Additionally, he was sentenced to life with the possibility of parole for the first kidnapping, to be served concurrently with the other three sentences.

Petitioner subsequently appealed his sentencing order, which was refused by this Court, and filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 12, 1999. *See Rabb v. West Virginia*, 528 U.S. 935 (1999). Petitioner filed his first petition for a writ of habeas corpus in the Circuit Court of Kanawha County on September 18, 2000, and it was denied on August 21, 2001. On June 12, 2002, petitioner filed a second petition for a writ of habeas corpus. The matter was assigned to Judge James C. Stucky, who appointed counsel. In 2004, the circuit court held an omnibus hearing over the course of four days. On March 14, 2008, the circuit court entered an order denying petitioner habeas relief. Petitioner appealed the decision, which this Court refused in January of 2009.

In July of 2008, petitioner filed the present habeas petition and a subsequent amended petition alleging, among other things, that his sentences were unconstitutional and that his trial counsel was ineffective for not advising him of his right to seek bifurcation. In January of 2014, Judge Stucky voluntarily recused himself from participating in the matter out of an abundance of caution due to his employment with the Kanawha County Prosecuting Attorney's Office at the time of petitioner's criminal trial, and the case was reassigned to Judge Tod J. Kaufman. On February 14, 2014, the circuit court held a status hearing during which petitioner's counsel expressed concerns regarding the validity of Judge Stucky's final order in the prior habeas proceeding given his recusal in the instant matter. The court echoed petitioner's counsel's concerns. However, during briefing, the circuit court received a sworn affidavit from the Office of the Prosecuting Attorney that stated that Judge Stucky, while employed by the prosecutor's office at the time of petitioner's criminal trial, had no involvement with the case and that no one discussed the case with him.

On January 25, 2018, the circuit court entered a fifty-page order that included findings based on the trial transcript and the testimony from the prior omnibus hearing. Although the court concluded that the petition was barred by res judicata, it also addressed all of petitioner's claims, finding them to be without merit. The court analyzed whether petitioner received a full and fair omnibus evidentiary hearing in the prior proceeding and found "that the allegation of an 'appearance of impropriety' is not the basis upon which judicial disqualification is required[,]" noting that "petitioner does not say that his hearing was not fair." The circuit court found that "Judge Stucky voluntarily recused himself out of an abundance of caution, [when] such disqualification was not necessary in either habeas proceeding." The court concluded that petitioner was "NOT entitled to a new round of post-conviction proceedings on this basis. This contention is denied because petitioner received that to which he was entitled, full and impartial consideration of his claims. The contention that he should have a new omnibus hearing is DENIED." It is from the circuit court's January 25, 2018, order that petitioner now appeals.

2

In Syllabus Point one of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

In his sole assignment of error, petitioner argues that the circuit court erred in not granting him a new omnibus hearing after the prior judge's recusal from the case. In support, he argues that, based on Judge Stucky's employment with the Kanawha County Prosecuting Attorney's Office at the time of petitioner's criminal trial, "there [was] a distinct possibility that [Judge Stucky] had personal knowledge of the disputed facts" in the criminal proceeding. However, petitioner states that he is not "asserting that Judge Stucky was . . . biased or prejudiced against the petitioner or any of his counsel" or that Judge Stucky "had any personal knowledge of disputed facts," just that it was possible. Moreover, petitioner argues that the fact that Judge Stucky ultimately recused himself without a motion by any party, "casts doubt on whether he was truly free of bias during the [prior] case, just four (4) years after the trial had occurred." We do not find petitioner's argument to be persuasive.

Rule 2.11(A) of the West Virginia Code of Judicial Conduct provides circumstances where a judge "shall disqualify himself or herself in any proceeding in which the judge's impartiality[] might reasonably be questioned." Such circumstances include one in which the "judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge[] of facts that are in dispute in the proceeding." *Id*. at (A)(1). Further, Rule 2.11(A)(5)(b) provides that another circumstance where a judge shall disqualify himself or herself includes one in which the judge "served in governmental employment, and in such capacity *participated personally and substantially* as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy." (Emphasis added).

The record shows that the circuit court received a sworn affidavit from the prosecutor that stated that Judge Stucky, while employed by the prosecutor's office at the time of petitioner's criminal trial, had no involvement with petitioner's criminal case and that no one discussed the case with Judge Stucky. The record does not support petitioner's contention that there was a possibility that Judge Stucky had knowledge of disputed facts in the criminal proceedings. The circuit court specifically found that "Judge Stucky voluntarily recused himself out of an abundance of caution," and that the recusal was unnecessary.[2]

---

[2]The circuit court also noted "that the allegation of an 'appearance of impropriety' is not the basis upon which judicial disqualification is required." This Court has held that "a violation of

Moreover, there is no evidence in the record to indicate that petitioner's omnibus hearing before Judge Stucky was unfair. In the instant matter, the circuit court found that petitioner "received that to which he was entitled, full and impartial consideration of his claims." Therefore, petitioner is not entitled to a new omnibus hearing because Judge Stucky did not recuse himself from the prior habeas proceeding, particularly in light of the fact that Judge Stucky was not required to recuse himself, and the circuit court in the present habeas addressed the merits of all petitioner's claims[3] despite finding that they were barred by res judicata.

For the foregoing reasons, we affirm the circuit court's January 25, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

the . . . recusal standard involving only the appearance of impropriety does not automatically require a new trial." *Tennant v. Marion Health Care Found., Inc*., 194 W. Va. 97, 109, 459 S.E.2d 374, 386 (1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988) ("[T]here is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance.")).

[3]Petitioner does not challenge the circuit court's findings regarding these claims; therefore, they will not be addressed on appeal.